TODD BLANCHE
Acting Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar Number 8264
JAMES R. SWEETIN
Assistant United States Attorney
Nevada Bar No. 5144
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
James.Sweetin@usdoj.gov

*Attorneys for the Federal Defendant*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Deon Deanjelo Hunter,<br><br>                    Plaintiff,<br><br>        v.<br><br>United States Department of Justice – Federal Bureau of Investigations,<br><br>                    Defendant. | Case No. 2:25-cv-01768-ART-BNW<br><br>**Stipulation and Order to Extend Discovery Deadlines**<br><br>**(First Request)** |

Pursuant to LR IA 6-1 and LR 26-3 Plaintiff, Deon Deanjelo Hunter, and Defendant United States Department of Justice ("United States"), through respective undersigned counsel, hereby request a 60-day extension of the remaining discovery deadlines, which is supported by grounds and circumstances set forth below. The parties have conducted discovery diligently and in good faith. This is the first request for an extension of the discovery deadlines.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    SUMMARY OF THE ARGUMENT

Good cause exists to extend discovery deadlines to permit the parties to complete discovery requests and time to schedule Plaintiff's deposition.

### II.    BRIEF STATEMENT OF THE CASE

On September 19, 2025, Plaintiff, Deon Deanjelo Hunter filed a complaint alleging causes of action under the Federal Tort Claims Act, 28 USC 2671. ECF No. 1. Defendant timely filed its answer on February 10, 2026. ECF No. 5.

The Court granted the parties stipulated discovery plan and set the deadlines below. ECF No. 7.

| Scheduled Event | Date of Current Deadlines |
| --- | --- |
| Amend Pleadings/Add Parties | June 1, 2026 |
| Initial Expert Disclosures | July 2, 2026 |
| Rebuttal Expert Reports | August 3, 2026 |
| Discovery Cut Off | August 31, 2026 |
| Dispositive Motions | October 1, 2026 |
| Pretrial Order | September 30, 202 |

**III.   STATEMENT OF DISCOVERY**

**A.   Discovery and other matters completed to date**

Plaintiff served their initial disclosures on March 13, 2026. Defendant served their initial disclosures on March 30, 2026.

On March 24, 2026, Plaintiff served her first sets of interrogatories, requests for production and requests for admission to Defendant. Defendant filed their reply on April 30, 2025.

On May 15, 2027, Defendants served their first sets of interrogatories, requests for production and requests for admission to Defendant. Based on the information below, the responses to these documents are still forthcoming.

**B.   Discovery that remains to be completed**

a.   The responses to the outstanding written discovery.

b.   Authority for Defendants to obtain and secure experts.

c.   Depositions

**C.   Reasons why discovery has not been completed**

Regarding authority for Defendant to obtain and secure experts. Defendant's counsel has requested via internal channels necessary to obtain contact(s) for expert(s) necessary for this case and such contract(s) are pending internal review.

**D.      Proposed revised discovery schedule**

An extension of the remaining deadlines in the case would result in the following revised discovery schedule:

| Scheduled Event | Current Deadline | **Proposed Deadline** |
|---|---|---|
| Amend Pleadings/Add Parties | June 1, 2026 | **Closed** |
| Initial Expert Disclosures | July 2, 2026 | **August 31, 2026** |
| Rebuttal Expert Reports | August 3, 2026 | **October 2, 2026** |
| Discovery Cut Off | August 31, 2026 | **November 2, 2026** |
| Dispositive Motions | October 1, 2026 | **November 30, 2026** |

If dispositive motions are filed, the joint pre-trial order would be due 30 days after a decision on such motions. Disclosures under Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the Joint Pretrial Order.

**V.      STATEMENT OF GOOD CAUSE**

Under Local Rule 26-3, "[a] motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must . . . be supported by a showing of good cause for the extension." *See also* Fed. R. Civ. P. 16(b)(4). The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

/ / /

/ / /

/ / /

/ / /

The parties contend that good cause is met here because of the delays related to the completion of the outstanding expert contract by the defendant. This is also the parties first request for the extension.

Respectfully submitted this 10th day of June 2026.

MAIER GUTIERREZ & ASSOCIATES

TODD BLANCHE
Acting Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney

/s/ Joseph A. Gutierrez
JOSEPH A. GUTIRREZ ESQ.
Nevada Bar No. 9046
DANIELLE A. TARMU, ESQ.
Nevada Bar No. 11727
JOHN M. QUINN, ESQ.
Nevada Bar No. 16609
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
*Attorney for Plaintiff*

/s/ James R. Sweetin
JAMES R. SWEETIN
Assistant United States Attorney

*Attorneys for the United States*

**IT IS SO ORDERED**

**DATED:** 12:37 pm, June 11, 2026

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

4